IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Y.J.C, )
)
      Petitioner, )
)
           v. )       Civil No. 3:24-cv-0179
)        Judge Stephanie L. Haines
LEONARD ODDO, *In his official* )
*capacity as Warden of Moshannon* )
*Valley Processing Center*, et al., )
)
      Respondents. )

## MEMORANDUM OPINION

### I.    Introduction

Petitioner Y.J.C. ("Petitioner"), a citizen of Haiti who is in immigration custody filed an Emergency Temporary Restraining Order ("TRO") and or Preliminary Injunction ("PI") pending the adjudication of his Petition for Writ of Habeas Corpus (ECF No. 31). Petitioner represented that he was facing imminent removal to Mexico. ECF No. 31-1, p. 2. Petitioner alleges that Respondents have failed to provide him with sufficient notice and opportunity to be heard regarding his removal to Mexico and expressed that he has a fear of returning to Mexico and requests a fear-based screening.[1] He argues that Respondents' actions violate his due process rights under the Fourteenth Amendment. The Court issued an Order granting the Motion to preserve the status quo and prevent irreparable harm and set a hearing date (ECF No. 33). Respondents were ordered temporarily enjoined from removing or transferring Petitioner pending further order of court. ECF No. 33, p. 2. A zoom hearing was scheduled and took place two days later on July 27, 2025.

---

[1] Petitioner contradicts himself by first saying he faces imminent removal to Mexico, "a country he has never stepped foot in", and later states he has a fear of "returning" to Mexico. ECF No. 31-1, p. 2.

At the hearing, the Court learned the immigration attorneys for Petitioner had moved to reopen Petitioner's case and that the Immigration Judge ("IJ") stayed the Petitioner's removal pending disposition of the Motion. The Court requested the Parties meet and confer and provide the Court with a joint stipulation providing a detailed status of the case and state any issues remaining.[2] On July 2, 2025, the Parties filed a Joint Status Report (ECF No. 38) and submitted 1) a proposed schedule for submitting legal briefing by the parties,[3] and 2) the Parties' respective positions on the matter of the TRO/PI.

For the reasons below, the Court finds that it lacks jurisdiction over Petitioner's requests in his Motion for TRO/PI, and the Court therefore DENIES his Motion.

## II.     Background

As stated above, Petitioner is a citizen of Haiti who is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  He has been continuously detained by ICE since June 15, 2020.  ECF No. 1, ¶ 1.  Petitioner claims that his detention has not been reviewed by an impartial adjudicator since July 1, 2023.  ECF No. 1, ¶ 1.  Therefore, Petitioner filed a Petition of Habeas Corpus pursuant to 21 U.S.C. § 2241 which initiated was the inception of this case (ECF No. 1).

Petitioner entered the United States as a Lawful Permanent Resident on November 2, 2015, when he was 22 years old.  ECF No. 1, ¶ 2.  On January 25, 2019, Petitioner was convicted of aggravated assault and after that conviction on June 15, 2020, ICE detained him and placed him

---

[2] Initially Counsel for Petitioner believed that the IJ had granted the Motion to reopen the case.  But in a Notice filed the next business day (ECF No. 37), Attorney for Petitioner clarified that the IJ did not grant Petitioner's Motion to reopen but instead issued a stay of Petitioner's removal proceedings pending the adjudication of the Motion to reopen.
[3] The Court notes that Petitioner has an outstanding Petition for Habeas Corpus under 21 U.S.C. § 2241 filed on July 31, 2024 (ECF No.1).  That matter is under the jurisdiction of Magistrate Judge Keith Pesto.

in removal proceedings. *Id.* Since that date Petitioner has been continuously detained in various ICE detention centers across the United States. *Id.*

On May 31, 2024, the Board of Immigration Appeals ("BIA") granted Petitioner's motion to reopen his removal proceedings and his case was remanded to an IJ for further proceedings. ECF No. 1, ¶ 4. Petitioner was held in pre-removal status under 8 U.S.C. § 1226. Under that statute when detention without a bond hearing becomes unreasonable "the Due Process Clause demands a hearing." *German Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020). Petitioner's Petition for Writ of Habeas Corpus is based on this law and it requests that the District Court order the government to schedule a bond hearing before an IJ at which the government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community. ECF No. 1, ¶ 26. A Response to the Petition (ECF No. 16) was filed on November 5, 2024, and a Reply was filed by Petitioner on November 26, 2024 (ECF No. 17).

On January 31, 2025, a Notice of a Change in Detention Authority (ECF No. 18) was filed and a Response thereto was filed on February 4, 2025 (ECF No. 19). The Notice informed the Court that Petitioner had received a final order of removal as of December 6, 2024, that he was no longer detained pursuant to 8 U.S.C. § 1226(c) (pre-removal), and that Petitioner was now detained pursuant to 8 U.S.C. § 1231(a)(2). An IJ had denied Petitioner's application of asylum and withholding of removal and ordered the Petitioner removed to Haiti. ECF No. 18, p. 1. That said, the IJ granted a deferral of removal to Haiti under the Convention Against Torture Act ("CAT"). Neither Party appealed the IJ's order and the removal order became final on January 6, 2025. *Id.* Respondent states that given the change in detention status the Petition for Writ of Habeas Corpus is moot and Respondent moved to dismiss for Mootness (ECF No. 28) on June 11, 2025.

Petitioner contested Respondent's categorization of mootness and stated that the change in detention authority does not moot Petitioner's claims for relief because the Petition remains as-applied a constitutional challenge to Petitioner's unreviewed prolonged detention by Respondents. ECF No. 19, p. 2. Petitioner claims he had still not received any bond hearing. This point is contested as the docket represents that an individualized bond hearing was conducted on June 3, 2025, where an IJ issued a decision and order denying the Petitioner's request for a change in custody status (ECF No. 27).[4] On the same day that Respondent moved to dismiss for Mootness, Petitioner filed a Motion to Amend the Petition (ECF No. 29) and Brief (ECF No. 30). Petitioner proposes to update his Petition asserting his claims under 8 U.S.C. § 1231 instead of Section 1226. Petitioner also filed a Response in Opposition to the Motion to Dismiss (ECF No. 32). On June 25, 2025, Respondents asked for an extension of time to respond to the Motion to Amend the Petition (ECF No. 34).

While this issue of the amendment of the Habeas Petition was pending with the Magistrate Judge, the Motion for Emergency TRO/PI at issue now was filed on June 24, 2025 (ECF NO. 31), the Response in Opposition to the TRO was filed on June 27, 2025 (ECF No.35),[5] and the status conference was conducted by the Court on June 27, 2025 (ECF No. 36). Petitioner replied to the

---

[4] The Court ordered a bond hearing in response to a previous TRO filed on May 29, 2025 (ECF No. 24).

ORDER - IT IS HEREBY ORDERED that Petitioner's Motion for a Temporary Restraining Order ("TRO") and/or Preliminary Injunction ("PI") and/or Motion to Show Cause (ECF No. 24 ) is DENIED insofar that it seeks relief via a temporary restraining order or preliminary injunction; and, IT IS FURTHER ORDERED that Respondents shall file a Motion arguing their case in support of the determination of mootness of the Petition for Habeas Corpus (ECF No. 1 ) by June 12, 2025. Petitioner shall file a Response by June 26, 2025. A Reply, if any, shall be filed by July 3, 2025; and IT IS FURTHER ORDERED that Respondents are hereby ordered to arrange an individualized bond hearing for Petitioner before an appropriate immigration court within ONE WEEK of the date of this order. If Petitioner continues to be detained by ICE such individualized bond hearing shall occur every three months until Petitioner is removed or upon final disposition of this case; and IT IS FURTHER ORDERED that the jurisdiction of the case is returned to the Magistrate Judge for disposition of the issue of mootness of the Habeas Petition, and as more fully stated in said Order. Signed by Judge Stephanie L. Haines on 5/29/2025. (dlg) (Entered: 05/29/2025)

[5] The Court notes this is the Second TRO filed in this case as discussed later.

Response on July 7, 2025 (ECF No. 39).  Though the TRO had been granted by the Court, and the removal is currently stayed pending the IJ's decision on Petitioner's Motion to reopen the immigration case, Petitioner seemingly seeks a prophylactic Preliminary Injunction ("PI") of the deportation of Petitioner to Mexico without due process or consideration of his fear of removal. ECF No. 39, p. 2.  Petitioner contends "that the Court should extend the TRO and grant the PI so that Petitioner is afforded an opportunity to raise his fear-based claim to Mexico."  ECF No. 38, p. 2.  The Respondent counters that "the Court should deny Petitioner's Motion for TRO and/or PI because the Court does not have jurisdiction to review Petitioner's claim pursuant to 8 U.S.C. §1252(g) as it arises from a decision or action to 'execute removal orders.'"  ECF No. 38, p. 2. The Parties positions are summarized in their Joint Status Report (ECF No. 38) and in their pleadings (ECF Nos. 31, 35, 39).  This is the issue considered by the Court forthwith.

## III.    Analysis

For the following reasons, the Court finds that it lacks jurisdiction over Petitioner's requests in his Motion for a TRO/PI.  Accordingly, the Court cannot and does not address Petitioner's arguments regarding the process to which he is due relative to his potential removal to Mexico.[6]

As the Supreme Court has explained, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"):

---

[6] On this score, while the Court is not reaching the merits of Petitioner's Due Process claims, it does note that the Government has allowed him to file a Motion to Reopen his immigration proceedings. Further, the Third Circuit has at least certain authority to hear a petition for review from the denial of a Motion to Reopen immigration proceedings. *See Pllumi v. AG U.S.*, 642 F.3d 155, 157 (3d Cir. 2011). Of course, this Court in no way purports to predict how any other judicial body would handle Petitioner's claims if he were to present them to that body. The Court's point is simply that Respondents have in fact provided Petitioner a mechanism by which *he at least may attempt* to have his Due Process claims heard by an Article III court. *Cf. Yakubov v. AG US*, 586 F. App'x 86 (3d Cir. 2014) (holding that, where an alien was ordered removed to Israel, or in the alternative, Russia, that alien could move to reopen his immigration proceedings if he were not ultimately removed to Israel and needed to argue that he would face torture in Russia).

> [A]uthorizes noncitizens to obtain direct "review of a final order of removal" in a court of appeals. 110 Stat. 3009-607, 8 U.S.C. § 1252(a)(1). [I]n the deportation context, a "final order of removal" is a final order "concluding that the alien is deportable or ordering deportation." § 1101(a)(47)(A). The Act also states that judicial review "of all questions of law and fact … arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). In other words, a noncitizen's various challenges arising from the removal proceeding must be "consolidated in a petition for review and considered by a court of appeals." *INS v. St. Cyr*, 533 U.S. 289, 313, and n. 37 (2001).

*Nasrallah v. Barr*, 590 U.S. 573, 579–80 (2020) (cleaned up). Further, the REAL ID Act of 2005, "clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus, and may be reviewed only in the courts of appeals." *Id.* at 580 (citing 8 U.S.C. § 1252(a)(5)).[7]

As a result of Sections 1252(a)(5) and (b)(9), district courts "lack jurisdiction to review most claims that even relate to removal … [b]ecause judicial review of a final order is available only in the court of appeals, district courts cannot review [] 'arising from' claims either." *E.O.H.C. v. Sec'y U.S. DHS*, 950 F.3d 177, 184, 186 (3d Cir. 2020) (holding, however, that Section 1252(b)(9) does not pose a jurisdictional bar "when aliens seek relief that courts cannot meaningfully provide alongside review of a final order of removal"); *see also Tazu v. AG U.S.*, 975 F.3d 292, 299 (3d Cir. 2020) ("[T]he legal questions [petitioner] raises about the scope of the Attorney General's discretion to re-detain him *are bound up with (and thus 'aris[e] from')* an 'action taken' to remove him[.]") (emphasis added).

As Petitioner recognizes, he has a final order of removal to Haiti. The question before this Court therefore becomes the following—pursuant to the foregoing legal provisions, is

---

[7] The Court also notes that "§ 2242(d) of FARRA provides for judicial review of CAT claims as part of the review of a final order of removal pursuant to section 242 of the [INA.]" *Nasrallah*, 590 U.S. at 580 (internal quotation marks and citation omitted).

Respondents' decision to remove Petitioner to Mexico "bound up with" that final removal order such that this Court lacks jurisdiction to consider Petitioner's requests in his Motion for a TRO/PI? For the following reasons, the Court answers that question in the affirmative.

In *Tonfack v. AG U.S.*, 580 F. App'x 79 (2014), the Third Circuit was tasked with resolving an appeal from a District Court's decision to dismiss a Section 2241 Habeas Petition for lack of jurisdiction. The Petitioner, Gabin Tonfack ("Mr. Tonfack"), was a citizen of the Ivory Coast. *See id.* at 79. On April 16, 2013, an IJ ordered Mr. Tonfack removed from the United States, granted Mr. Tonfack's withholding of removal as to the Ivory Coast, and failed to identify a country to which Mr. Tonfack would be removed. *See id.* at 80. Further, the parties waived their right to appeal the IJ's decision, and the time to take an appeal had "long since expired" when the Third Circuit issued its decision. *See id.* The Court observes that *Tonfack* is much like the case now before it.

Indeed, while Mr. Tonfack was in ICE custody, ICE obtained travel documents to remove him to Cameroon. *See id.* However, when ICE attempted to put him on a plane bound for Cameroon, he forcibly resisted. *See id.* He also filed his Section 2241 Petition, claiming that "he ha[d] no connection to Cameroon, and the travel documents, which state he was born and lived there before entering the United States, [were] inaccurate." *Id.* He therefore asked the District Court to enter an order barring ICE from removing him to Cameroon, but the District Court dismissed the case for lack of jurisdiction,[8] and Mr. Tonfack appealed to the Third Circuit. *See id.*

Around the time of his appeal, Mr. Tonfack asked the IJ to reopen his proceedings "so that he could apply for relief under [CAT] with regard to Cameroon, and on June 18, 2013, the IJ

---

[8] The District Court found that it lacked jurisdiction due to 8 U.S.C. § 1252(a)(5). *See Tonfack v. Holder*, No. 3:13-CV-1886, 2013 WL 5570232 (M.D. Pa. Oct. 9, 2013).

7

granted this request." *Id.* A hearing was also scheduled on Mr. Tonfack's reopened action, "but, for reasons that are not clear, [he] voluntarily terminated that action." *Id.*

On appeal from the dismissal of Mr. Tonfack's Section 2241 Petition, the Third Circuit disagreed with Mr. Tonfack's argument that his Petition was "independent of his removal order[.]" *Id.* at 81. In rejecting this contention, the Third Circuit reasoned as follows:

> Critically, [Mr.] Tonfack argues not just that the specific Cameroonian travel documents are invalid, *but that Cameroon is not a proper country of removal. This issue is encompassed in the removal order*—the IJ is obligated to designate a country of removal as part of the removal proceedings. The fact that the IJ here may have neglected to select a country or countries for removal does not change this analysis[.]

*Id.* (emphasis added) (cleaned up). In short, the Third Circuit concluded that Mr. Tonfack's Habeas Petition (which sought an order barring his removal to Cameroon) challenged his notice of removal, meaning that the District Court lacked jurisdiction to consider it. *Id.*

The upshot of the above is that there is precedent from the Third Circuit finding that, when an alien: (1) has a final order of removal, (2) that final order of removal did not designate an alternate country of removal, (3) that alien is slated for removal to an alternate country, and (4) the alien objects to the alternate country, the alien's challenge to removal to the alternate country is encompassed within the removal order. That precedent applies precisely to the situation now before this Court—Petitioner (1) has a final order of removal, (2) that final order did not designate an alternate country, (3) Petitioner is now slated for removal to Mexico, and (4) Petitioner wants to challenge his removal to Mexico, meaning that his challenge to his removal to Mexico is encompassed within the final removal order entered in January 2025.[9]

---

[9] Although *Tonfack* is a not-precedential opinion, it represents the legal analysis of three judges who sit on the appellate body above this Court. This Court also agrees with the analysis therein and finds that it accords with binding Third Circuit Precedent. Accordingly, the Court follows *Tonfack* here.

In short, the Court holds that Petitioner's removal to Mexico is closely "bound up with" his removal order such that this Court lacks jurisdiction over his Motion for a TRO/PI. *See Tazu*, 975 F.3d at 299; *see also DHS v. D.V.D.*, 145 S. Ct. 2153 (2025) (noting that it had stayed the district court's order "preliminarily enjoining the Government from removing 'any alien' to a 'country not explicitly provided for on the alien's order of removal' without following certain procedures designed to enable an alien to seek relief" under CAT pending disposition of any appeal and petition for writ of certiorari); *C.R.L. v. Dickerson*, Case No. 4:25-CV-175 (CDL), 2025 WL 1800209 (M.D. Ga. June 30, 2025) (reaching the same conclusion as this Court on highly similar facts). Indeed, this Court sees no reason why the type of relief that Petitioner now seeks cannot be meaningfully considered by the Third Circuit "alongside review of a final order of removal." *E.O.H.C.*, 950 F.3d at 186.[10] Thus, the Court holds that the jurisdictional bar enunciated in 8 U.S.C. § 1252 (a)(5), (b)(9) precludes this Court from further considering Petitioner's present requests for relief in his Motion for a TRO/PI.[11]

## IV. Conclusion

For all of the foregoing reasons, the Court will deny Petitioner's Motion for a TRO/PI (ECF Nos. 31, 35, 39). Whatever the merits of Petitioner's Due Process claims, this Court is barred by law from considering them. The Court will therefore leave it to other judicial bodies with jurisdiction over his claims to assess whether the process that the Government is currently providing to Petitioner complies with the United States Constitution.

---

[10] At bottom, Petitioner is challenging the constitutionality of the document(s) directing that/informing him that he will be removed from this country to Mexico. This appears to the Court to be very much the type of scenario that Section 1252 was enacted to bar this Court from considering.

[11] For much the same reasons, the Court likewise finds that Section 1252(g) bars this Court's consideration of Petitioner's requests in his Motion for a PI. *See Tazu*, 975 F.3d at 298–99 (noting that Section "strips us of jurisdiction to review the Attorney General's 'decision or *action* … to … execute [a] removal order[]'" and finding that re-detention for removal purposes "attacks a key part of executing [a petitioner's] removal order") (emphasis added)).

An appropriate Order follows.

DATED: July 16, 2025                     /s/ *Stephanie L. Haines*
                                         **STEPHANIE L. HAINES**
                                         **U.S. DISTRICT COURT JUDGE**